WHITNEY STARK (Oregon Bar No. 090350)
whitney@albiesstark.com
**ALBIES & STARK, LLC**
210 SW Morrison Street, Suite 400
Portland, Oregon 97204
Telephone: (503) 308-4770
Facsimile: (503) 427-9292

CHAD C. AUSTIN (California Bar No. 235457)
ChadCAustin@gmail.com
**LAW OFFICE OF CHAD C. AUSTIN**
4632 Berwick Drive
San Diego, CA 92117
Telephone: (619) 992-7100
Facsimile: (858) 712-0316
*Pro Hac Vice Admission Pending*

*Counsel for Plaintiff Brett Wells, an individual.*

# UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

## PORTLAND DIVISION

| | |
|---|---|
| BRETT WELLS,<br><br>        Plaintiff,<br><br>    vs.<br><br>8 FIGURE DREAM LIFESTYLE, LLC;<br>MILLIONAIRE MIND ENTERPRISES,<br>LLC; SUPER AFFILIATES, LLC;<br>BRIAN KAPLAN;<br>JERROLD MAURER;<br>ALEX DOWLATSHAHI;<br>and DOES 1 through 100, inclusive,<br><br>      Defendants. | Case No.:<br><br>**COMPLAINT FOR DAMAGES,<br>INCLUDING PUNITIVE<br>DAMAGES, STATUTORY<br>PENALTIES, INTEREST,<br>AND INJUNCTIVE RELIEF**<br><br>**JURY TRIAL DEMAND** |

**INTRODUCTION**

1.    Defendant 8 FIGURE DREAM LIFESTYLE, LLC is a Wyoming limited liability company, with a principal place of business in the state of Colorado, that sells a get-rich-quick scheme to people throughout the United States, including Oregon, via unsolicited prerecorded telemarketing calls.

2.    Defendant MILLIONAIRE MIND ENTERPRISES, LLC is a Delaware corporation with a principal place of business in Colorado that sells a get-rich-quick scheme to people throughout the United States, including Oregon, via unsolicited prerecorded telemarketing calls.

3.    Defendant SUPER AFFILIATES, LLC is a Colorado corporation with a principal place of business in Colorado that sells a get-rich-quick scheme to people throughout the United States, including Oregon, via unsolicited prerecorded telemarketing calls.

4.    Defendant BRIAN KAPLAN is and at all times herein mentioned was a resident of the State of Colorado and was at all relevant times the co-owner, co-founder, and co-operator of Defendants 8 FIGURE DREAM LIFESTYLE, LLC, MILLIONAIRE MIND ENTERPRISES, LLC and SUPER AFFILIATES, LLC and in that capacity individually and personally responsible for the illegal advertising complained of herein, including, on information and belief, personally approving, authorizing, drafting, sending, and/or ordering transmission of the unsolicited prerecorded telemarketing calls.

5.    Defendant JERROLD MAURER is and at all times herein mentioned was a resident of the State of New York and was at all relevant times the co-owner, co-founder, and co-operator of Defendants 8 FIGURE DREAM LIFESTYLE, LLC, MILLIONAIRE MIND ENTERPRISES, LLC and SUPER AFFILIATES, LLC and in that capacity individually and

personally responsible for the illegal advertising complained of herein, including, on information and belief, personally approving, authorizing, drafting, sending, and/or ordering transmission of the unsolicited prerecorded telemarketing calls.

6.     Defendant ALEX DOWLATSHAHI is and at all times herein mentioned was a resident of the State of California and was at all relevant times the co-owner, co-founder, and co-operator of Defendants 8 FIGURE DREAM LIFESTYLE, LLC and MILLIONAIRE MIND ENTERPRISES, LLC and in that capacity individually and personally responsible for the illegal advertising complained of herein, including, on information and belief, personally approving, authorizing, drafting, sending, and/or ordering transmission of the unsolicited prerecorded telemarketing calls.

7.     Plaintiff brings this action to challenge Defendants' practices in the telephone solicitation of their products and services. Specifically, Plaintiff challenges their illegal autodialed, prerecorded telephone calls ("RoboCalls"), and illegal use of Caller ID Spoofing by which they market their products and services.

8.     All of the claims asserted herein arise out of Defendants' illegal telephone solicitation campaign.

### JURISDICTION AND VENUE

9.     This Court has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331 as it seeks relief under federal statutes and regulations including, *inter alia*, 47 U.S.C. § 227(b)(1)(B) (the Telephone Consumer Protection Act of 1991).

10.    Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(a) and (c) in that Defendants solicit business from, sent their unsolicited prerecorded telemarketing calls

to, and a substantial part of the events giving rise to Plaintiff's claims occurred in, the District of Oregon, in which Plaintiff resides.

## THE PARTIES

11.    Plaintiff Brett Wells ("Plaintiff") is an adult male who resides in Oregon City, Oregon.

12.    Defendant 8 FIGURE DREAM LIFESTYLE, LLC is a Wyoming limited liability company, with a principal place of business in the state of Colorado, that transacts business in this Judicial District by making prerecorded telemarketing calls to Oregon residents.

13.    Defendant MILLIONAIRE MIND ENTERPRISES, LLC is a Delaware corporation with a principal place of business in Colorado, that transacts business in this Judicial District by making prerecorded telemarketing calls to Oregon residents.

14.    Defendant SUPER AFFILIATES, LLC is a Colorado corporation with a principal place of business in Colorado, that transacts business in this Judicial District by making prerecorded telemarketing calls to Oregon residents.

15.    Defendant BRIAN KAPLAN is and at all times herein mentioned was a resident of the State of Colorado.

16.    Defendant JERROLD MAURER is and at all times herein mentioned was a resident of the State of New York.

17.    Defendant ALEX DOWLATSHAHI is and at all times herein mentioned was a resident of the State of California.

18.    Except as described herein, Plaintiff is ignorant of the true names of Defendants sued as Does 1 through 100, inclusive, and the nature of their wrongful conduct, and therefore

sues these Defendants by such fictitious names.  Plaintiff will seek leave of the Court to amend this complaint to allege their true names and capacities when ascertained.

19.     At all times herein mentioned, 8 FIGURE DREAM LIFESTYLE, LLC, MILLIONAIRE MIND ENTERPRISES, LLC,  SUPER AFFILIATES, LLC, BRIAN KAPLAN, JERROLD MAURER , ALEX DOWLATSHAHI , and the Doe Defendants (collectively, "Defendants"), and each of them, were an agent or joint venturer of each of the other, and in doing the acts alleged herein, were acting within the scope of such agency. Each Defendant had actual and/or constructive knowledge of the acts of each of the other Defendants, and ratified, approved, joined in, acquiesced and/or authorized the wrongful acts of each co-Defendant, and/or retained the benefits of said wrongful acts.

20.     Defendants, and each of them, aided and abetted, encouraged and rendered substantial assistance to the other Defendants in committing the wrongful acts alleged herein. In taking action, as particularized herein, to aid and abet and substantially assist the commission of these wrongful acts and other wrongdoing complained of, each of the Defendants acted with an awareness of its primary wrongdoing and realized that its conduct would substantially assist the accomplishment of the wrongful conduct, wrongful goals, and wrongdoing.

21.     At all times herein mentioned, Defendants conspired by means of mutual understanding, either expressly or impliedly, among themselves and others in engaging and/or planning to engage in the activities detailed herein to accomplish the wrongful conduct, wrongful goals, and wrongdoing.

///

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

## FACTUAL ALLEGATIONS

22.     Within the statutory period of the last 4 years, Plaintiff has received at least 35 unsolicited prerecorded telemarketing calls to his telephone number assigned to a cellular telephone service from Defendants that simultaneously transmitted false caller identification information in connection therewith. Plaintiff never consented to any calls or messages of any kind.  On information and belief, Plaintiff received up to 50 additional calls from Defendants on his cell phone.

23.     These unsolicited calls were placed to Plaintiff's number assigned to a cellular telephone service as prohibited by 47 U.S.C. § 227(b)(1)(A)(iii).

24.     These telephone solicitations constituted "calls" under the TCPA that were ***not*** for emergency purposes.

25.     Within the statutory period of the last 4 years, Plaintiff has received at least 275 unsolicited telemarketing calls using an artificial or prerecorded message to his telephone numbers from Defendants that simultaneously transmitted false caller identification information in connection therewith. These calls were made to Plaintiff's residential telephone number.  Plaintiff never consented to any calls or messages of any kind, including prior express consent.  On information and belief, Plaintiff received up to 100 additional calls from Defendants that included an artificial or prerecorded voice message.

26.     These artificial or prerecorded calls made without prior express consent were prohibited by 47 U.S.C. § 227(b)(1)(B).

27.     These artificial or prerecorded calls typically included a recorded pitch from a "Coach," reference a business opportunity, a promise to make money within ten to fourteen days, and various web site links (such as veterantowealth.com or freedom8000.com).

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

28.     These telephone solicitations constituted "calls" under the TCPA that were ***not*** for emergency purposes.

29.     Plaintiff did ***not*** provide any one, more, or all Defendants, nor any agent of Defendants, prior express consent to cause Plaintiff to receive any telephone calls.

30.     Plaintiff had no prior business relationship, or any other kind of relationship, with any one, more, or all of Defendants.

31.     47 C.F.R. § 64.1601(e)(1) requires that "Caller identification information must include either CPN or ANI, and, when available by the telemarketer's carrier, the name of the telemarketer. It shall not be a violation . . . to substitute . . . the name of the seller on behalf of which the telemarketing call is placed and the seller's customer service telephone number. The telephone number so provided must permit any individual to make a do-not-call request during regular business hours."

32.     Defendants' illegal calls to Plaintiff failed to comply with this requirement by failing to provide a company name. The base statutory penalty for this violation is $500 per violation, which may be trebled in the discretion of the court up to $1,500 per violation if Defendants' violations were willful or knowing. 47 U.S.C. § 227(b)(3). Plaintiff alleges that Defendants' violations of 47 C.F.R. § 64.1601(e)(1) were willful and knowing, within the meaning of 47 U.S.C. § 227(b)(3) and 47 U.S.C. § 312(f)(1).

33.     47 C.F.R. § 64.1601(e)(2) states that "Any person or entity that engages in telemarketing is prohibited from blocking the transmission of caller identification information."

34.     Defendants blocked the transmission of accurate caller identification information during their illegal calls to Plaintiff. The base statutory penalty for this violation is

$500 per violation, which may be trebled in the discretion of the court up to $1,500 per violation if Defendants' violations were willful or knowing. 47 U.S.C. § 227(b)(3). Plaintiff alleges that Defendants' violations of 47 C.F.R. §64.1601(e)(2) were willful and knowing, within the meaning of 47 U.S.C. §227(b)(3) and 47 U.S.C. §312(f)(1).

35.    16 C.F.R. §310.4(a)(7) states that "It is an abusive telemarketing act or practice and a violation of this Rule for any seller or telemarketer to engage in the following conduct . . . (7) Failing to transmit or cause to be transmitted the telephone number, and, when made available by the telemarketer's carrier, the name of the telemarketer, to any caller identification service in use by a recipient of a telemarketing call, provided that it shall not be a violation to substitute . . . the name of the seller or charitable organization on behalf of which a telemarketing call is placed, and the seller's or charitable organization's customer or donor service telephone number, which is answered during regular business hours."

36.    Defendants' illegal calls to Plaintiff failed to comply with this requirement in two discrete ways: by failing to provide the name of the company calling and failing to provide an accurate telephone number of the company calling which was answered during regular business hours.  The number provided was to an unanswered line that, when called, played a prerecorded message attempting to sell Defendants' products and services. The base statutory penalty for this violation is $500 per violation, which may be trebled in the discretion of the court up to $1,500 per violation if Defendants' violations were willful or knowing. 47 U.S.C. § 227(b)(3). Plaintiff alleges that Defendants' violations of 16 C.F.R. § 310.4(a)(7) were willful and knowing, within the meaning of 47 U.S.C. § 227(b)(3) and 47 U.S.C. § 312(f)(1).

37.    47 C.F.R. § 64.1200(b)(1) requires that "All artificial or prerecorded telephone messages shall:  At the beginning of the message, state clearly the identity of the business,

individual, or other entity that is responsible for initiating the call. If a business is responsible for initiating the call, the name under which the entity is registered to conduct business with the State Corporation Commission (or comparable regulatory authority) must be stated."

38.     Defendants' illegal, prerecorded telemarketing messages failed to comply with this requirement.  The base statutory penalty for this violation is $500 per violation, which may be trebled in the discretion of the court up to $1,500 per violation if Defendants' violation was willful or knowing. 47 U.S.C. § 227(b)(3).  Plaintiff alleges that Defendants' violations of 47 C.F.R. § 64.1200(b)(1) were willful and knowing, within the meaning of 47 U.S.C. § 227(b)(3) and 47 U.S.C. § 312(f)(1).

39.     47 C.F.R. § 64.1200(b)(2) requires that "All artificial or prerecorded telephone messages shall: During or after the message, state clearly the telephone number (other than that of the autodialer or prerecorded message player that placed the call) of such business, other entity, or individual. The telephone number provided may not be a 900 number or any other number for which charges exceed local or long-distance transmission charges.

40.     Defendants' illegal, prerecorded telemarketing messages to Plaintiff failed to comply with this requirement.  The base statutory penalty for this violation is $500 per violation, which may be trebled in the discretion of the court up to $1,500 per violation if Defendants' violation was willful or knowing.  47 U.S.C. § 227(b)(3). Plaintiff alleges that Defendants' violation of 47 C.F.R. § 64.1200(b)(2) was willful and knowing, within the meaning of 47 U.S.C. § 227(b)(3) and 47 U.S.C. § 312(f)(1).

41.     Pursuant to 47 U.S.C. § 227(b)(3), Plaintiff is also entitled to injunctive relief against any future violations of the Telephone Consumer Protection Act or Code of Federal Regulations.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION
(Violations of the TCPA Cell Phone Prohibition,
47 U.S.C. § 227 et seq.)

42.     Plaintiff incorporates and realleges, as though fully set forth herein, each of the paragraphs above.

43.     As a result of Defendants', and Defendants' agents, violations of 47 U.S.C. § 227(b)(1)(A)(iii), Plaintiff seeks $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

44.     As a result of Defendants' and/or their affiliates, agents and/or other persons or entities acting on Defendants' behalf's knowing and/or willful violations of the TCPA, 47 U.S.C. § 227(b)(1)(A), Plaintiff is entitled to treble damages of up to $1,500 for each and every call in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3).

45.     Pursuant to 47 U.S.C. § 227(b)(3)(A), Plaintiff seeks injunctive relief prohibiting such conduct in the future.

### SECOND CAUSE OF ACTION
(Violations of the TCPA Autodialer / Prerecorded Message Prohibition,
47 U.S.C. § 227 et seq.)

46.     Plaintiff incorporates and realleges, as though fully set forth herein, each of the paragraphs above.

47.     As a result of Defendants', and Defendants' agents, violations of 47 U.S.C. § 227(b)(1)(B), Plaintiff seeks $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

48.     As a result of Defendants' and/or their affiliates, agents and/or other persons or entities acting on Defendants' behalf's knowing and/or willful violations of the TCPA, 47

U.S.C. § 227(b)(1)(A), Plaintiff is entitled to treble damages of up to $1,500 for each and every call in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3).

49.    Pursuant to 47 U.S.C. § 227(b)(3)(A), Plaintiff seeks injunctive relief prohibiting such conduct in the future.

**THIRD CAUSE OF ACTION**
(Violations of the TCPA "Caller ID Spoofing" Prohibitions and
Name and Number Identification Requirements)

50.    Plaintiff incorporates and realleges, as though fully set forth herein, each of the paragraphs above.

51.    As a result of Defendants', and Defendants' agents, violations of 47 C.F.R. § 64.1601(e), 16 C.F.R. § 310.4(a)(7), 47 C.F.R. § 64.1200(b)(1), and 47 C.F.R. § 64.1200(b)(2), Plaintiff seeks $500.00 in statutory damages, for each and every violation, pursuant to the implied private right of action.

52.    As a result of Defendants' and/or their affiliates, agents and/or other persons or entities acting on Defendants' behalf's knowing and/or willful violations of the TCPA, 47 C.F.R. § 64.1601(e), 16 C.F.R. § 310.4(a)(7), 47 C.F.R. § 64.1200(b)(1), and 47 C.F.R. § 64.1200(b)(2), Plaintiff is entitled to treble damages of up to $1,500 for each and every call in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3).

**FOURTH CAUSE OF ACTION**
(Trespass to Chattel)

53.    Plaintiff incorporates and realleges, as though fully set forth herein, each of the paragraphs above.

54.    Defendants' conduct of making illegal unsolicited autodialed, prerecorded telemarketing calls to Plaintiff constituted a trespass to Plaintiff's telephone. This trespass was significant and substantial in duration in that Defendants' trespass illegally deprived Plaintiff

of the use and enjoyment of his telephone for lawful purposes. Plaintiff has been damaged in an amount to be determined according to proof at trial.

55.    At no time did Plaintiff consent to this trespass.

56.    Defendants' trespass was done with oppression and malice, in that Defendants sent their illegal messages intentionally, in actual awareness of their illegal nature, with the purpose of making an illicit profit and with the purposes of vexing, injuring and annoying Plaintiff or with a willful and conscious disregard of Plaintiff's rights. Plaintiff is therefore entitled to punitive damages.

## FIFTH CAUSE OF ACTION
### (Conversion)

57.    Plaintiff incorporates and realleges, as though fully set forth herein, each of the paragraphs above.

58.    Defendants' conduct of making illegal autodialed, prerecorded telemarketing calls to Plaintiff constituted a conversion of Plaintiff's telephone. This conversion was significant and substantial in duration in that Defendants' conversion illegally deprived Plaintiff of the use and enjoyment of his telephone for lawful purposes.

59.    Plaintiff is therefore entitled to the entire value of his telephone, in an amount to be determined according to proof at trial.

60.    At no time did Plaintiff consent to this conversion.

61.    Defendants' conversion was done with oppression and malice, in that Defendants sent their illegal messages intentionally, in actual awareness of their illegal nature, with the purpose of making an illicit profit and with the purposes of vexing, injuring and annoying Plaintiff or with a willful and conscious disregard of Plaintiff's rights. Plaintiff is therefore entitled to punitive damages.

WHEREFORE, Plaintiff prays for relief as set forth below.

**PRAYER FOR RELIEF**

1.    Statutory damages;

2.    Compensatory, general, incidental, and consequential damages according to proof;

3.    Special damages according to proof;

4.    Punitive damages to punish Defendants for their willful illegal and deliberate tortious conduct and to deter others who may otherwise engage in similar willful illegal and deliberate tortious conduct;

5.    Injunctive relief against Defendants, and each of them, to prevent future wrongful conduct;

6.    Prejudgment interest at the maximum legal rate;

7.    Costs of the proceedings herein;

8.    Reasonable attorneys' fees; and

9.    All such other and further relief as the Court deems just.

Dated:  May 20, 2019                     Respectfully submitted,

By:

*s/ Whitney Stark*
_____

WHITNEY STARK (Bar No. 090350)
whitney@albiesstark.com
**ALBIES & STARK, LLC**
210 SW Morrison Street, Suite 400
Portland, Oregon 97204
Telephone: (503) 308-4770
Facsimile: (503) 427-9292

*Attorney for Plaintiff Brett Wells*

Dated:  May 20, 2019                    Respectfully submitted,

By:

*s/Chad C. Austin*
_____

CHAD C. AUSTIN (CA Bar No. 235457)
ChadCAustin@gmail.com
**LAW OFFICE OF CHAD C. AUSTIN**
4632 Berwick Drive
San Diego, CA  92117
Telephone: (619) 992-7100
Facsimile: (858) 712-0316

*Attorney for Plaintiff Brett Wells*

**DEMAND FOR JURY TRIAL**

Plaintiff requests a jury trial on all claims so triable.

Dated:  May 20, 2019                    Respectfully submitted,

                                        By:

                                         *s/ Whitney Stark*
                                        _____

                                        WHITNEY STARK (Bar No. 090350)
                                        whitney@albiesstark.com
                                        **ALBIES & STARK, LLC**
                                        210 SW Morrison Street, Suite 400
                                        Portland, Oregon 97204
                                        Telephone: (503) 308-4770
                                        Facsimile: (503) 427-9292

                                        *Attorney for Plaintiff Brett Wells*


Dated: May 20, 2019                     Respectfully submitted,

                                        By:

                                         *s/ Chad C. Austin*
                                        _____

                                        CHAD C. AUSTIN (Bar No. 235457)
                                        ChadCAustin@gmail.com
                                        **LAW OFFICE OF CHAD C. AUSTIN**
                                        4632 Berwick Drive
                                        San Diego, CA  92117
                                        Telephone: (619) 992-7100
                                        Facsimile: (858) 712-0316

                                        *Attorney for Plaintiff Brett Wells*