IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

BRETT WELLS,

                Plaintiff,

        v.

8 FIGURE DREAM LIFESTYLE, LLC;
MILLIONAIRE MIND ENTERPRISES, LLC;
SUPER AFFILIATES, LLC; BRIAN
KAPLAN; JERROLD MAURER; ALEX
DOWLATSHAHI; and DOES 1 through 100,
inclusive,

                Defendants.

Case No. 3:19-cv-00786-SB

**FINDINGS AND
RECOMMENDATION**

**BECKERMAN, U.S. Magistrate Judge.**

Plaintiff Brett Wells ("Wells") filed this action alleging violations of the Telephone

Consumer Protection Act, trespass to chattel, and conversion. On August 2, 2019, the Clerk of

Court entered default against defendant Alex Dowlatshahi ("Dowlatshahi"). (ECF No. 15.)

Dowlatshahi now moves this Court to set aside the entry of default. (ECF No. 26.) For the

reasons set forth below, the Court recommends that the district judge grant Dowlatshahi's motion

to set aside entry of default.

PAGE 1 – FINDINGS AND RECOMMENDATION

## BACKGROUND

On May 20, 2019, Wells filed this action. (ECF No. 1.) On July 16, 2019, Wells filed

proof of service, noting that Wells served Dowlatshahi by leaving a copy of the summons and

complaint with "Sue Vakshourpour—Co-Tenant" on June 10, 2019.[1] (ECF No. 6.) On July 18,

2019, Dowlatshahi had not yet appeared, and Wells moved for entry of default. (ECF No. 12.)

On August 2, 2019, the Clerk entered default against Dowlatshahi. (ECF No. 15.)

On August 8, 2019, Dowlatshahi filed an answer to the complaint. (ECF No. 19.) On

September 4, 2019, the Court ordered Dowlatshahi to show cause and explain why the Court

should accept the untimely filing of his answer. (ECF No. 21.) This motion followed.

## DISCUSSION

### I.    LEGAL STANDARD

The court may set aside entry of default upon a showing of good cause. FED. R. CIV. P.

55(c). "The Ninth Circuit's good cause standard for setting aside entry of default is the same as

that for setting aside default judgment under Rule 60(b), but the test for setting aside entry of

default is less rigid and more generous to the party in default." *SUBH Inv., LLC v. Singh*, No.

6:17-cv-00277-AA, 2018 WL 1385209, at *2 (D. Or. Mar. 19, 2018) (citing *Franchise Holding

II, LLC v. Huntington Rests. Group, Inc.*, 375 F.3d 922, 925 (9th Cir. 2004)). "'[T]he law does

not favor defaults,'" and thus "'any doubts as to whether a party is in default should be decided

in favor of the defaulting party.'" *Eclectic Prods., Inc. v. Painters Prods., Inc.*, No. 6:13-cv-

2181-AA, 2014 WL 12703283, at *1 (D. Or. May 19, 2014) (citation omitted).

"A court considers three factors when deciding whether to set aside default: (1) whether

the defendant's culpable conduct led to the default; (2) whether the defendant has a meritorious

---

[1] The parties spell Vakshourpour's name in two ways: "Vakshourpour" and "Vakshoupour." For consistency, the Court will refer to her as "Vakshourpour."

defense; and (3) whether setting aside default would prejudice the plaintiff." *SUBH Inv.*, 2018

WL 1385209, at *2 (citation omitted). "[A] finding that any one of these factors is true is

sufficient reason for the district court to refuse to set aside the default." *U.S. v. Signed Pers.*

*Check No. 730 of Yubran S. Mesle*, 615 F.3d 1085, 1091 (9th Cir. 2010).

II.    ANALYSIS

The Court may set aside entry of default if Dowlatshahi establishes any one of the three

"good cause" factors. Dowlatshahi has established all three factors here.

First, the Court must determine if Dowlatshahi's own culpable conduct led to the default.

Dowlatshahi swore under penalty of perjury that "[he] was not served with a copy of the

Complaint." (Decl. Alex Dowlatshahi Supp. Mot. Set Aside Default ("Dowlatshahi Decl.") ¶ 3.)

Dowlatshahi asserts that Vakshourpour, the individual who was served, "was a neighbor living at

a different house and address[,]" and Dowlatshahi only "became aware of this lawsuit from

another defendant, who informed [him] of the lawsuit in mid-July 2019." (Dowlatshahi Decl. ¶¶

4-5.) Wells responds that the process server identified Vakshourpour as a co-tenant, she "was

present at that address on that date, having opened the door and accepted the summons and

complaint," and the process server also mailed a copy of the summons and complaint to

Dowlatshahi's address. (Pl.'s Resp. at 2.)

There appears to be a factual dispute regarding whether Vakshourpour was actually

Dowlatshahi's co-tenant at the time of service, or whether the process server just assumed she

was a co-tenant. In any event, there is no evidence to suggest that Dowlatshahi acted in bad faith

or with any "'intention to take advantage of the opposing party, interfere with judicial-decision

making, or otherwise manipulate the legal process.'" *Signed Pers. Check No. 730*, 615 F.3d at

1092 (citation omitted) ("We have 'typically held that a defendant's conduct was culpable for

purposes of the [good cause] factors where there is no explanation of the default inconsistent

PAGE 3 – FINDINGS AND RECOMMENDATION

with a devious, deliberate, willful, or bad faith failure to respond.'"). On the contrary, the record

indicates that Dowlatshahi filed his answer soon after receiving notice of the case. On this

record, the Court concludes that the default was not the result of Dowlatshahi's culpable conduct.

Second, the Court considers whether Dowlatshahi has a meritorious defense. A defense is

meritorious if "there is some possibility that the outcome of the suit after a full trial will be

contrary to the result achieved by the default." *Haw. Carpenters' Tr. Funds v. Stone*, 794 F.2d

508, 513 (9th Cir. 1986). All that is required is an assertion of "a factual or legal basis that is

sufficient to raise a particular defense; the question of whether a particular factual allegation is

true is resolved at a later stage." *Audio Toys, Inc. v. Smart AV Pty Ltd.*, No. C. 06-6298 SBA,

2007 WL at 1655793, at *3 (N.D. Cal. June 7, 2007).

In his answer, Dowlatshahi asserts eight affirmative defenses. (Answer at 2-3.) In light of

these affirmative defenses, the Court finds that there is some possibility that the outcome of the

suit after a full trial could be different than the result achieved by default. *See SUBH Inv.,* 2018

WL 1385209, at *3 (finding "potential merit in the defenses presented" and explaining that if the

defendant were to prevail on those defenses, the outcome would be contrary to the result

achieved by default).

Third, the Court considers whether setting aside the default would prejudice Wells.

"Prejudice is determined by whether a party will be hindered in pursuing its claim." *SUBH Inv.,*

2018 WL 1385209, at *4 (citation omitted). The fact that a party may be denied a "quick

victory" does not qualify as prejudice. *See Bateman v. U.S. Postal Serv.*, 231 F.3d 1220, 1224

(9th Cir. 2000) (finding that the loss of a "'quick victory' . . . is insufficient to justify denial of

relief under Rule 60(b)(1)"). Rather, "'[t]he delay must result in tangible harm such as loss of

evidence, increased difficulties of discovery, or greater opportunity for fraud or collusions.'"

PAGE 4 – FINDINGS AND RECOMMENDATION

*Audio Toys, Inc.*, 2007 WL 1655793, at \*3 (citation omitted). Wells argues that he will suffer

prejudice because "he will be forced to litigate against someone who ignored service of the

complaint and caused delay, as well as unnecessary additional litigation." (Pl.'s Resp. at 5.) In

light of the fact that Dowlatshahi filed his answer just six days after entry of default, Wells offers

no compelling argument to support a finding of prejudice here. *See SUBH Inv.*, 2018 WL

1385209, at \*4 ("[M]ere delay in litigation does not constitute prejudice needed to support [the]

harsh sanction of default[.]").

Applying the good cause factors here, the Court concludes that the district judge should

vacate the entry of default in favor of allowing the suit to proceed on the merits. *Cf. Signed Pers.*

*Check No. 730*, 615 F.3d at 1091 ("'Judgment by default is a drastic step appropriate only in

extreme circumstances; a case should, whenever possible, be decided on the merits.'") (citing

*Falk v. Allen*, 739 F.2d 461, 463 (9th Cir. 1984)).

## CONCLUSION

For the reasons set forth above, the Court recommends that the district judge GRANT

Dowlatshahi's motion to set aside entry of default (ECF No. 26), and direct the Clerk of Court to

vacate the entry of default (ECF No. 15).

///

///

///

///

///

///

///

///

## SCHEDULING ORDER

The Court will refer its Findings and Recommendation to a district judge. Objections, if any, are due within fourteen (14) days. If no objections are filed, the Findings and Recommendation will go under advisement on that date. If objections are filed, a response is due within fourteen (14) days. When the response is due or filed, whichever date is earlier, the Findings and Recommendation will go under advisement.

DATED this 23rd day of October, 2019.

_____
STACIE F. BECKERMAN
United States Magistrate Judge

PAGE 6 – FINDINGS AND RECOMMENDATION